Shientag, J.
Appellant Tanzer asks this court to reverse an order made at Special Term, New York County, denying his motion to quash certain subpoenas served upon bim. The order appealed from also directed appellant to appear for examination and produce certain books and records pursuant to the subpoenas. This action was brought in Supreme Court, Westchester County. The complaint is one in equity. It alleges in substance that plaintiffs and defendants were partners in a business known as Duchess Creations located in the borough of Manhattan, city of New York; that defendant Leo Lichtman was also the owner and in sole control of a business known as Harmony Fabrics Co., located in the borough of Manhattan, city of New York; that there were certain purported and fictitious transactions between Harmony and Duchess during the months *370 from January to April, 1945, whereby Duchess was defrauded in the sum of upwards of $32,000; that thereafter the Duchess partnership was dissolved and the accounts of the partners settled and adjusted in accordance with a false statement prepared at the instance of defendant Lichtman and on the basis of fraudulent representations made by him. The complaint further alleges that plaintiffs have elected to rescind and dis-affirm the dissolution of the Duchess partnership and asks for appropriate relief including an accounting. A motion to dismiss the complaint was denied. Thereafter an order was made in Westchester County for an examination of defendants before trial. The order required, among other things, that the examination be held at Special Term, Part II, of the Supreme Court, New York County, and directed defendants to produce upon the examination certain books and records of Harmony in their possession or under their control. This order was made despite an affidavit by Lichtman maintaining that he had ceased to have any connection with Harmony since January, 1946.
The papers show that a certificate of doing business under the name of Harmony Fabrics had been filed on March 31, 1942, with the Clerk- of New York County, naming the defendant Lichtman as sole proprietor. Another certificate was filed with the same clerk on January 10, 1945, indicating that- the' appellant and Leo Lichtman were doing business as Harmony Fabrics. No certificate indicating any change was thereafter filed.
Defendant Leo Lichtman, when examined before trial in New York County, professed not to recall the transactions referred to in the complaint. When asked to refresh his recollection from the books and records of Harmony, he stated that he had not produced those books because they were not in his possession or under his control. He said the books were in the possession of Tanzer, the appellant..
The defendant Lichtman also testified that he turned over the business, to appellant Tanzer who had been his employee for twenty years although no papers were signed in connection with that transaction. The Official Referee who supervised the examination before trial directed that it be adjourned so as to afford plaintiffs-respondents the opportunity of serving Tanzer with subpoenas for the production of the books. Such subpoenas were duly presented to the Justice presiding at Special Term, Part II, and signed by him and served on Tanzer.
One of the subpoenas directed appellant to appear for examination at Special Term, New York County, Part II. The other was a subpoena duces tecum directing him to appear at the exami *371 nation to testify and to produce books and records of Harmony Fabrics in his possession or under his control.
Appellant urges that the learned court at Special Term erred in refusing to vacate these subpoenas. The subpoenas were indeed loosely drawn but their purpose was obvious. It was not sought to examine appellant as a witness before trial. All that was desired of him was that he produce the books of Harmony at the examination before trial of defendant Lichtman, so that such books might be used to refresh the recollection of that defendant concerning the transactions alleged in the complaint. Enough was shown with respect to the relationship between defendant Lichtman and the appellant to warrant the Justice at Special Term in refusing to vacate the subpoenas. If the contention of appellant were to he sustained, the examination before trial of defendant Lichtman would be impaired if not completely frustrated.
The order denying the motion to vacate should be affirmed but that order and the subpoenas are limited to a direction to the appellant to appear on the date set for the continuation of the examination before trial of defendant Lichtman and there to produce the required books and records of Harmony Fabrics for use in aid of the examination before trial of that defendant (see Civ. Prac. Act, § 403). Appellant is not to testify as a witness, except in relation to his possession of these books and records and their production by him.
The order below should he affirmed, with $20 costs and disbursements to the respondent. Settle order.
Glennon, J. P., Dore, Cohn and Van Voorhis, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements. The date for the examination to proceed shall be fixed in the order. Settle order on notice.